ROB BONTA
Attorney General of California
PAUL STEIN
Supervising Deputy Attorney General
CARTER M. JANSEN, State Bar No. 347116
SHARON O'GRADY, State Bar No. 102356
Deputy Attorneys General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 510-3834
  Fax: (415) 703-1234
  E-mail: Sharon.OGrady@doj.ca.gov
*Attorneys for Plaintiff California High-Speed Rail Authority*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA HIGH-SPEED RAIL AUTHORITY,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF TRANSPORTATION; SEAN P. DUFFY**, in his official capacity as Secretary of the Department of Transportation; **THE FEDERAL RAILROAD ADMINISTRATION**; **DREW FEELEY**, in his official capacity as Acting Administrator of the Federal Railroad Administration**,**<br><br>Defendants. | Case No. 25-cv-02004-DAD-CKD<br><br>**PLAINTIFF CALIFORNIA HIGH-SPEED RAIL AUTHORITY'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR A STAY OF CERTAIN DEADLINES IN LIGHT OF LAPSE IN APPROPRIATIONS (ECF No. 21.)**<br><br>Judge: Hon. Dale A. Drozd |

1.  Plaintiff California High-Speed Rail Authority ("Plaintiff" or the "Authority") submits this opposition to Defendants' Administrative Motion for a Stay (ECF No. 21). Defendants' stay motion extends only to Plaintiff's pending motion for a preliminary injunction (ECF No. 15). Defendants do not seek a stay of any other deadlines in the case, including, most notably, their pending motion to dismiss. While the Authority is sympathetic to the difficulties of operating during a government shutdown, allowing Defendants to pick and choose which aspects of this litigation should proceed, and which should not, would be blatantly unfair. Far more concerning, staying the preliminary injunction motion would expose the Authority to irreparable harm. The motion should therefore be denied.

2.  On October 10, 2025, Plaintiff filed a Motion for Preliminary Injunction, seeking to enjoin defendants from awarding, obligating, or transferring any portion of the grant funds at issue in this case to other recipient(s) during the pendency of this lawsuit (the "PI Motion"). ECF No. 15. As explained in the PI Motion, a preliminary injunction is necessary to prevent the irreparable harm that will occur if the Federal Railroad Administration ("FRA") re-obligates the grant funds at issue before Plaintiff's claims can be heard, which would render the case moot as to the funds transferred. *See id.* at 21-22. This irreparable harm is imminent because FRA has issued a Notice of Funding Opportunity ("NOFO") seeking to re-obligate to other projects nearly $2.4 billion of the funds that were previously obligated to the Authority. *Id.* at 4. ***Applications for the NOFO are due by January 7, 2026, and FRA could act any time after that to award the money to another project(s).*** *Id.* Plaintiff set the PI Motion for hearing on November 17, 2025, to enable the Court to act on the motion prior to January 7, 2026.[1] It is the same date set for the hearing on Defendants' motion to dismiss.

3.  Prior to filing the PI Motion, the Authority met and conferred with Defendants. The Authority offered to agree to the stay *provided that* Defendants would stipulate to maintain the status quo and not award any of the $2.4 billion at issue to other recipients until after the

---

[1] Counsel for the parties have conflicts on December 1, 2025, and December 15, 2025, the only other dates on the Court's calendar that the PI Motion could be heard before the January 7 application window closes.


shutdown has concluded, the stay has been lifted, and Plaintiff's motion for preliminary injunction could be heard. Defendants refused. Decl. of Carter M. Jansen, ECF No. 16, ¶¶ 5, 6.

4. Defendants now seek to stay all deadlines associated with the PI Motion on the grounds that the Anti-Deficiency Act prohibits Defendants' attorneys from working on the matter during the current lapse in appropriations. But the January 7, 2026 NOFO application date remains, and there is legally nothing to prevent Defendants from re-obligating the funds to other projects immediately thereafter, rendering this action moot with respect to those funds. It is therefore critical that the Authority's PI Motion be decided before the NOFO application window closes.

5. Defendants have not sought to stay other deadlines in the case, including their pending motion to dismiss, so plainly their counsel is not entirely prohibited from working on this case. Rather, they claim that Plaintiff's PI Motion is not an "emergency" under the Anti-Deficiency Act because "the closure of the [NOFO] application window will be followed by an extensive, likely monthslong review process." ECF No. 21, ¶ 3. Defendants provide no declaration or other evidence supporting their claim that there will "likely" be a "monthslong review process." Moreover, nothing prevents Defendants from acting on those applications quickly, and this administration has shown itself capable of acting very quickly when it chooses to do so. If the NOFO application review and award process will truly take months, as Defendants claim, they should have had no objection to the Authority's proposed stipulation, which would have permitted Defendants to proceed with their application review process, so long as they deferred actually re-obligating funds until after the stay was lifted and the PI Motion had been decided. Decl. of Carter M. Jansen, ECF No. 16, ¶ 5.[2]

---

[2] Defendants also claim that Plaintiff's irreparable harm is not imminent because "the $2.4 billion in funds de-obligated from [Plaintiff] comprises less than half of the NOFO's over $5 billion in grant funding." ECF No. 21, ¶ 3. Defendants' point here is unclear. Plaintiff has no stake in the funds advertised in the NOFO other than the $2.4 billion de-obligated from the Authority. Plaintiff does not seek injunctive relief with respect to any other funds in the NOFO, and Plaintiff's proposed stipulation did not involve those other funds. And absent injunctive relief, after January 7, 2026, Defendants will be free to re-obligate the $2.4 billion de-obligated from the Authority, regardless of the NOFO's additional funds.

PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' ADMINISTRATIVE MOTION FOR STAY

1         6.     Courts have denied requests for stays based on the Anti-Deficiency Act under similar circumstances. *See Klamath-Siskiyou Wildlands Ctr. v. Grantham*, 2019 WL 7374626, at *1 (E.D. Cal. Jan. 4, 2019) (denying the government's request for a stay due to the Anti-Deficiency Act because "[t]o extend the time Plaintiff waits for resolution, while continuing the Project at issue, allows irreversible action to continue which may result in irreparable harm to Plaintiff"); *Washington v. United States Dep't of Educ.*, 2025 WL 2841595, at *1 (W.D. Wash. Oct. 7, 2025) ("[T]he damage that may result to Plaintiffs from granting a stay outweighs the hardship Defendants face in being required to go forward despite the lapse in appropriations" because "Plaintiffs request time-sensitive relief[.]"); *California v. U.S. Dep't of Health & Hum. Servs.*, 2025 WL 2855230, at *2 (D. Mass. Oct. 8, 2025) (denying government's motion for stay because "a stay would delay a determination of the merits of Plaintiffs' Motion for a Preliminary Injunction while Defendants move forward with implementation of the law that Plaintiffs seek to enjoin"); *Roman Catholic Archbishop of Wash. v. Sebelius*, 2013 WL 5570185, at *1 (D.D.C. Oct. 3, 2013) (denying motion to stay because of "the irreparable harm alleged" by plaintiffs, the "time-sensitive" nature of the case, and the "defendants' unwillingness to delay enforcement of the [law at issue]"); *United States v. US Airways Grp., Inc.*, 979 F. Supp. 2d 33, 34 (D.D.C. 2013) (denying motion for stay because an upcoming merger deadline necessitated a "speedy disposition" of the case).

Therefore, Plaintiff respectfully requests that the Court deny Defendants' Administrative Motion for Stay and permit the PI Motion to proceed as scheduled.

PLAINTIFF'S OPPOSITION TO FEDERAL DEFENDANTS' ADMINISTRATIVE MOTION FOR STAY

| | |
|---|---|
| Dated:  October 15, 2025 | Respectfully submitted,<br><br>ROB BONTA<br>Attorney General of California<br>PAUL STEIN<br>Supervising Deputy Attorney General<br><br><br>*/s/ Sharon O'Grady*<br>SHARON O'GRADY<br>CARTER M. JANSEN<br>Deputy Attorneys General<br>*Attorneys for Plaintiff*<br>*California High-Speed Rail Authority* |