UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA HIGH-SPEED RAIL AUTHORITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF TRANSPORTATION, et al.,<br><br>Defendants. | No. 2:25-cv-02004-DAD-CKD<br><br>ORDER DENYING MOTION FOR STAY IN LIGHT OF LAPSE IN APPROPRIATIONS<br><br>(Doc. Nos. 21, 23) |

This matter came before the court on October 21, 2025 for hearing on defendants' motion for a stay in light of the lapse of appropriations to the United States Department of Justice and defendants' supplemental motion for a stay of certain deadlines.[1] (Doc. Nos. 21, 23.) California Deputy Attorney General Sharon Louise O'Grady appeared on behalf of plaintiff and Kathryn Barragan, Trial Attorney for the U.S. Department of Justice, appeared on behalf of defendants.

---

[1] In the original motion, defendants sought only a stay as to deadlines related to plaintiff's pending motion for preliminary injunction. (Doc. No. 21 at 3.) Defendants' supplemental motion does not raise new arguments regarding the appropriateness of a stay of this action. (Doc. No. 23.) Instead, defendants seek the additional relief of a stay of the filing deadlines related to both plaintiff's pending motion for preliminary injunction and defendants' pending motion to dismiss. (*Id.* at 3.) On October 16, 2025, plaintiff filed a response to defendants' supplemental motion, stating that it did not oppose a partial stay as to defendants' deadlines regarding their pending motion to dismiss, but maintained its opposition to a stay as to defendants' filing deadlines in connection with plaintiff's motion for a preliminary injunction. (Doc. No. 24 at 2.)

1

1    In their first filed motion, defendants seek a stay of their October 24, 2025 deadline to file an opposition to plaintiff's motion for a preliminary injunction.[2] (Doc. No. 21 at 3.) In their supplemental motion for a stay, defendants also request a stay of their November 3, 2025 deadline to file a reply in support of their pending motion to dismiss. (Doc. No. 23 at 4.) At the hearing on these motions, attorney Barragan represented that defendants' position was that if the court denied its motion for a stay of its October 24, 2025 filing deadline, then defendants would not request a stay as to their November 3, 2025 filing deadline. (Doc. No. 28.)

On October 15, 2025, plaintiff filed its opposition to defendants' original motion, arguing that a stay is not appropriate because plaintiff's motion for a preliminary injunction is pending. (Doc. Nos. 15, 22.) Through that motion for a preliminary injunction, plaintiff seeks an order from this court "preventing Defendants from reobligating the grant funds [awarded by the Federal Railroad Administration pursuant to a September 2024 Cooperative Agreement] or the grant funds [authorized by Congress in the 2010 Omnibus Appropriations Act] during the pendency of this litigation." (Doc. No. 15 at 29.) Plaintiff represents in its motion for a preliminary injunction that applications for those grant funds "are due by January 7, 2026, and [the Federal Railroad Administration] could act any time after that to award the money to another project(s)." (*Id.* at 10.) The hearing on the pending motion for preliminary injunction is currently set before the undersigned on November 17, 2025.[3] (*Id.*)

"A district court has discretionary power to stay proceedings in its own court[.]" *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "In considering whether to grant a stay, this court must weigh several factors,

---

[2] Defendants' motions to stay were still pending on October 24, 2025. Accordingly, defendants filed an opposition to the pending motion for preliminary injunction on October 24, 2025. (Doc. No. 29.) Nevertheless, in light of the Department of Justice's contingency plan discussed later in this order which authorizes litigation during the lapse in appropriations pursuant to court orders, the court addresses whether a stay of that deadline or the current hearing date as to plaintiff's motion for preliminary injunction would be appropriate.

[3] Plaintiff avers in its opposition to defendant's motion to stay that various scheduling conflicts prevent the rescheduling of the hearing on its motion for preliminary injunction to either December 1, 2025 or December 15, 2025. (Doc. No. 22 at 2.)

1    including (1) the possible damage which may result from the granting of a stay, (2) the hardship
2    or inequity which a party may suffer in being required to go forward, and (3) the orderly course of
3    justice measured in terms of the simplifying or complicating of issues, proof, and questions of law
4    which could be expected to result from a stay." *United States v. Howen*, No. 1:21-cv-00106-
5    DAD-SAB, 2022 WL 1004832, at *3 (E.D. Cal. Apr. 4, 2022) (internal quotation marks and
6    brackets omitted) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

7    Regarding the possible damage which may result from the granting of a stay, defendants
8    argue that this case does not present an emergency because the application deadline for the grant
9    money at issue is January 7, 2025.[4]  (Doc. No. 21 at 2.)  Moreover, defendants state that the
10   closure of the application window "will be followed by an extensive, *likely* monthslong review
11   process." (*Id.*) (emphasis added).  However, defendants have presented no evidence, by
12   declaration or otherwise, indicating the length of such a review process. (*Id.*)  Indeed, plaintiff
13   argues in its opposition that the Federal Railroad Administration could act to re-obligate the funds
14   at issue at any time after January 7, 2026.  (Doc. No. 22 at 2.)

15   The court finds that the possible damage which may result from the granting of a stay is
16   significant:  Plaintiff faces the risk of federal funding being re-obligated before the court can issue
17   a ruling on the pending motion for preliminary injunction and thereby effectively permanently
18   denying plaintiff relief. *See Klamath-Siskiyou Wildlands Ctr. v. Grantham*, No. 2:18-cv-02785-
19   TLN-DMC, 2019 WL 7374626, at *1 (E.D. Cal. Jan. 4, 2019) (concluding that a stay during a
20   lapse in appropriations would be inappropriate because the plaintiff may be irreparably harmed by
21   irreversible actions that continued while the plaintiffs' motion for preliminary injunction was
22   pending).
23   /////

---

[4] Defendants also assert, without citation to authority, that the withholding of $2.4 billion in grant funds does not constitute irreparable harm because it "comprises less than half of the [National Notice of Funding Opportunity]'s over $5 billion in grant funding." (Doc. No. 21 at 2.)  The court finds defendants' contention that the withholding of billions of dollars of awarded funding would not constitute irreparable harm to be entirely unpersuasive. *See, e.g., City and County of San Francisco v. Trump*, 783 F. Supp. 3d 1148, 1202 (N.D. Cal. 2025) (finding that the budgetary uncertainty created by withholding federal funding constituted irreparable harm).

Regarding the hardship posed to defendants by the denial of the requested stay, defendants contend that it would be inequitable to require them to litigate during a lapse in appropriations because this action does not constitute an "emergency." (Doc. No. 21 at 2.) The court finds the following analysis set forth recently by another district court to be instructive:

> The lapse in appropriations does not justify a stay of these proceedings. The Department of Justice's FY 2026 Contingency Plan explains that federal law "restricts the Federal Government's ability to obligate funds in advance of appropriations," and provides that the Department will only continue activities for which, *inter alia*, "there is an express authority to continue during an appropriations lapse." The Contingency Plan "assumes that the Judicial Branch will continue to operate . . . through the lapse." Accordingly, the Contingency Plan directs Department litigators to "approach the courts and request that active cases . . . be postponed until funding is available." If a court denies the Department's request for a stay and orders the case to continue, "the Government will comply with the court's order, which would constitute express legal authorization" for the Department to litigate that case during the lapse. Where the Department has authorized attorneys to continue litigation during the lapse pursuant to a court order, denying a stay will not prejudice Defendants in this case.

*California v. United States Department of Health and Human Services* No. 1:25-cv-12118-IT, 2025 WL 2855230, at *1 (D. Mass. Oct. 8, 2025) (internal citations omitted) (denying a motion to stay during a 2025 lapse in appropriations because it would delay determination of the merits of the plaintiffs' motion for preliminary injunction) (citing U.S. Dep't of Just., *U.S. Department of Justice FY 2026 Contingency Plan 1*, https://www.justice.gov/jmd/media/1377216/dl (last visited October 16, 2025)). Here, plaintiff requests clearly time-sensitive relief. Defendants have not shown that the hardship of proceeding during a lapse in appropriations outweighs plaintiff's interest in resolving the pending motion for preliminary injunction. *See Washington v. U.S. Dep't of Educ.*, No. 25-cv-01228-KKE, 2025 WL 2841595, at *1 (W.D. Wash. Oct. 7, 2025) (denying the defendants' motion to stay in light of the 2025 lapse in appropriations because the defendants failed to show that proceeding would "pose an undue or inequitable hardship" and the plaintiffs would be prejudiced by having resolution of their motion for preliminary injunction delayed).

/////

/////

/////

Accordingly, the court will deny defendants' motion for a stay of the identified filing deadlines in light of the lapse in appropriations (Doc. No. 21), as well as defendants' supplemental motion for a stay (Doc. No. 23).

IT IS SO ORDERED.

Dated: **October 28, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE